# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

STEPHANIE M. REDDING,

     Plaintiff,

     v.

ALEJANDRO MAYORKAS, Secretary,
Department of Homeland
Security,

     Defendant.

2:22-CV-022

## ORDER

Plaintiff Stephanie M. Redding seeks judicial review of her firing from the Department of Homeland Security's Federal Law Enforcement Training Center ("FLETC"). The Federal Merit Systems Protection Board ("MSPB" or "the Board") upheld FLETC's decision, and Redding contends that was error. See Dkt. No. 14 at 1-2. Redding is proceeding pro se in this action. Id. at ¶ 1.

Defendant Alejandro Mayorkas, the Secretary of Homeland Security, moved to dismiss this action in part and moved for a more definite statement of Redding's remaining claims. See Dkt. No. 17. Because federal employees may not assert claims under 42 U.S.C. § 1981, Mayorkas's partial motion to dismiss is **GRANTED**. Additionally, because the Court will allow Redding to amend her

complaint once again, Mayorkas's motion for a more definite statement is also **GRANTED.**

## BACKGROUND

Redding was hired by Homeland Security in March 2011 as a Federal Air Marshal assigned to the Transportation Security Administration, Federal Air Marshal Service.  Dkt. No. 14 ¶ 14.

Redding alleges that she has severe eye problems, including Degenerative Progressive Myopia and Keratoconjunctivitis Sicca (respectively, better known as "Severe Myopia" and "chronic dry eyes").  Id. ¶ 15.  Because of those problems, Redding submitted a disability retirement application to the Office of Personnel Management ("OPM") on September 28, 2017.  Id. ¶ 16.  While that application was pending, Redding was re-assigned to FLETC as "an Accommodation of Last Resort," effective May 27, 2018.  Id. ¶ 17.  Redding notified Homeland Security of her medical issues in October 2018 and requested a re-evaluation of her assignment to FLETC.  Id. ¶ 19.

Just under a year later, on September 24, 2019, OPM approved Redding's application for disability retirement benefits.  Id. ¶ 20.  Redding notified Homeland Security and asked to retire.  Id. ¶ 21.  When FLETC did not approve that request within a few weeks, Redding filed an informal complaint with the EEOC.  Id. ¶ 22.

Redding apparently stopped showing up to work, because in January 2020, Redding was designated "Absent Without Leave." Id. ¶ 23. Thereafter, Redding filed a complaint with the Office of Special Counsel. Id. ¶ 24.

Fast forward to March 2020, and Homeland Security officials issued a tentative decision recommending Redding be terminated for excessive absences, being absent without leave, and failing to follow instructions. Id. ¶ 25. Redding then filed another EEOC complaint, this one alleging disability discrimination and retaliation. Id. ¶ 26. She also filed a response to the proposed termination. Id. ¶ 27. On April 2, 2020, just days after Redding filed that response, OPM rescinded its 2019 approval of her disability retirement benefits. Id. ¶ 28.

On June 4, 2020, Homeland Security adopted the decision terminating Redding, sustaining "all the charges [against her] by a preponderance of the evidence and determined that the reasonable penalty was removal." Id. ¶ 29. Confusingly, in October 2020, OPM issued a *second* approval of Redding's disability retirement benefits—this time for her position at FLETC, id. ¶ 31, even though Redding had already been fired. Redding's administrative appeal to the MSPB was unsuccessful. Id. ¶ 36.

Redding originally filed this lawsuit in the Northern District of Georgia. See Dkt. No. 1. She filed an amended

3

complaint one month later.  Dkt. No. 2.  Mayorkas moved to dismiss and for a more definite statement of Redding's claims.  Dkt. No. 8.  Redding eventually responded, dkt. no. 13, and the Court granted her leave to amend her complaint once again, dkt. no. 15.  The Court also transferred the case here to the Southern District of Georgia.  Dkt. No. 15 at 3; Dkt. No. 20.

In her second amended complaint, Redding alleges that the administrative law judge ("ALJ") made seven errors:

1. "The MSPB AJ erred when he affirmed the Agency's removal for . . . Excessive Absences, [being] Absent without Leave, and Failure to Follow Instructions," dkt. no. 14 ¶¶ 38-68;

2. "The MSPB AJ erred by accepting the Agency Penalty [i.e. termination]," id. ¶¶ 69-118;

3. "The Administrative Judge erred when he concluded [that] the Plaintiff failed to show that she was discriminated against on the basis of disability," id. ¶¶ 119-34;

4. "The MSPB AJ erred when he concluded the Plaintiff failed to provide direct or circumstantial evidence of disability discrimination on the basis of disparate treatment," id. ¶¶ 135-40;

5. "The MSPB AJ failed to observe procedures required by law," id. ¶¶ 141-57;

6. "The Administrative Judge erred when he concluded the Plaintiff failed to show that she was retaliated against on the basis of protected EEO activity," id. ¶¶ 158-61; and, finally

7. "The Administrative Judge erred when he concluded the Plaintiff failed to show that the Agency violated her due process rights or committed harmful procedural error," id. ¶¶ 162-65.

Secretary Mayorkas renewed his motion to dismiss, arguing that federal employees may not assert claims pursuant to 42 U.S.C. § 1981 against the federal government.  Dkt. No. 17-1 at 6-7.  He also argues that Redding's second amended complaint is a shotgun pleading and asks the Court to order a more definite statement. Dkt. No. 17-1 at 8-14.

### LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The form matters as well: "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Further, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." Id.  Pro se pleadings are

generally held to a less stringent standard, but the general rules still apply.  <u>Zacarias-Saldana v. CoreCivic</u>, No. 4:17-cv-00106, 2017 WL 3976293, at *1 (M.D. Ga. Sept. 8, 2017) (citing <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998)).

Complaints that violate some or all of these rules are sometimes called "shotgun pleadings"—but labels aside, the point is that they do not live up to the rules' pleading standards, and they make it difficult both for the opposing party to frame a response and for the Court to control the proceedings and decide the legal issues.  <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1320, 1323 (11th Cir. 2015).

## DISCUSSION

### A. Mayorkas's partial motion to dismiss is granted.

The enforcement provision of 42 U.S.C. § 1981 explains that "[t]he rights protected by this section are protected against impairment by [a] *nongovernmental* discrimination and [b] impairment under color of *State* law." 42 U.S.C. § 1981(c) (emphasis added). And indeed, the Eleventh Circuit has held that "a plaintiff cannot maintain a § 1981 claim against a federal defendant acting under color of federal law." <u>Lee v. Hughes</u>, 145 F.3d 1272, 1277 (11th Cir. 1998).  Thus, Mayorkas is correct that, to the extent Redding asserts claims under 42 U.S.C. § 1981, those claims must be dismissed.  <u>See</u> Dkt. No. 17-1 at 6–7; Dkt. No. 14 ¶¶ 48, 70.

6

Mayorkas's partial motion to dismiss, dkt. no. 17, is therefore **GRANTED**.

B. **Mayorkas's motion for a more definite statement is granted.**

Next, and turning to the heart of the matter, Mayorkas contends that the second amended complaint is a shotgun pleading and seeks a more definite statement. Dkt. No. 17. Mayorkas contends that the second amended complaint is a shotgun pleading because of its length and the fact that it includes multiple counts with different factual assertions, each incorporating the previous assertions. Dkt. No. 10. Mayorkas further contends that the second amended complaint is unclear about "whether she exhausted administrative remedies and, if she did, which of her administrative proceedings is included [sic] the claim." Dkt. No. at 10-11.

The Court held a hearing on the motions on September 21, 2022. During the hearing, Redding offered to amend her complaint to address the remaining pleading issues raised in Mayorkas's motion. After consideration, the Court ruled that Redding would be allowed a final opportunity to amend her complaint, in effect **GRANTING** Mayorkas's motion for a more definite statement. See Dkt. No. 31. Redding's third amended complaint must be filed within **ten**

**(10) days** of the date of this Order.[1]   Failure to file the third amended complaint will result in dismissal of this lawsuit.

**CONCLUSION**

For these reasons, Mayorkas's partial motion to dismiss, dkt. no. 17, is **GRANTED**, and Redding's claims under 42 U.S.C. § 1981 are **DISMISSED**.   Further, Mayorkas's motion for a more definite statement, <u>id.</u>, is **GRANTED**.   Redding's third amended complaint must be filed within **ten (10) days** of the date of this Order.

**SO ORDERED** this 22nd day of September, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff does not have access to file her third amended complaint electronically.   Her third amended complaint must be postmarked within ten days of today's date.