# In the United States District Court for the Southern District of Georgia Brunswick Division

| | |
|---|---|
| STEPHANIE M. REDDING,<br><br>    Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security,<br><br>    Defendant. | 2:22-CV-022 |

### ORDER

During a hearing before the Court on September 22, 2022, Plaintiff orally moved to transfer this action's venue to the United States District Court for the District of Columbia ("District of Columbia"). Dkt. No. 31. Plaintiff then filed a corresponding written motion to transfer and consolidate actions. Dkt. No. 39. Defendant Alejandro Mayorkas, the Secretary of Homeland Security, opposed both the oral and written motions, dkt. nos. 34, 41, and the motions are ripe for review. For the reasons stated below, Plaintiff's motion to transfer venue is **GRANTED**, and her motion to consolidate is **DENIED**. Accordingly, this case is hereby **TRANSFERRED** to the District of Columbia.

**BACKGROUND**

In this action, Plaintiff seeks judicial review of her firing from the Department of Homeland Security's ("DHS") Federal Law Enforcement Training Center ("FLETC"). The Federal Merit Systems Protection Board upheld FLETC's decision to terminate Plaintiff, and Plaintiff contends that was in error. See Dkt. No. 35 at 3-4.

However, in assessing the instant motion to transfer venue, Plaintiff's removal from FLETC should be viewed with the backdrop of events leading her to FLETC in the first place. Before working at FLETC,[1] Plaintiff was a Federal Air Marshal assigned to the Transportation Security Administration ("TSA"),[2] within DHS. Dkt. No. 35 ¶ 12; Dkt. No. 39 at 1. Plaintiff has Degenerative Progressive Myopia (better known as "Severe Myopia") and Keratoconjunctivitis Sicca (better known as "chronic dry eyes"). Dkt. No. 35 ¶ 13. Plaintiff alleges that, as a result of these health issues, she submitted a disability retirement application to the Office of Personnel Management ("OPM")[3] but explains that "there were no reassignments available within TSA." Dkt. No. 39 at 1. Plaintiff next alleges that "in order to distort the rules

---

[1] FLETC is located in the Southern District of Georgia.
[2] TSA's headquarters are located in Springfield, Virginia, within the Eastern District of Virginia.
[3] OPM's headquarters are located in Washington, D.C., within the District of Columbia.

regarding reassignment in effect at the time, TSA expanded the search for an open position to other subagencies." Id. at 1-2.

So, while Plaintiff's original disability retirement application to OPM was pending, TSA reassigned Plaintiff to FLETC as an Accommodation of Last Resort, which Plaintiff alleges "required a $20,000 pay cut and relocation from Maryland to Georgia." Id. at 2; Dkt. No. 35 ¶ 14, n.3. Plaintiff also alleges that she was not informed of "the impact of accepting a reassignment." Dkt. No. 39 at 2.

Once at FLETC, Plaintiff requested accommodations "through TSA and FLETC, to no avail." Id. Notably, after Plaintiff had already been reassigned to and started working at FLETC, OPM approved her initial disability retirement application. Id. Plaintiff alleges that despite OPM's approval, "[n]either FLETC, TSA, nor OPM could or would advise how the disability should be processed and [Plaintiff] spent many hours asking all three agencies for guidance." Id. Plaintiff alleges that while waiting for the approved disability retirement application to be processed, FLETC initiated disciplinary actions against her and, ultimately, fired her. Id.

Plaintiff originally filed this lawsuit in the United States District Court for the Northern District of Georgia ("the Northern District"). Dkt. No. 1. The Northern District then sua sponte transferred the case here to the Southern District of Georgia.

3

Dkt. No. 20 at 4. Plaintiff now seeks transfer of this case to the District of Columbia, where she alleges three arguably related cases are pending. See generally Dkt. No. 39. Defendant argues transfer is unwarranted. Dkt. No. 41 at 3.

**LEGAL STANDARD**

The party moving for transfer of venue has the burden to establish that the transferee forum is more convenient. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) ("Thus, in the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient."). Ultimately, though, the decision to transfer a case is within the Court's discretion. See Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 654-55 (11th Cir. 1993) (reviewing district court's transfer of venue for clear abuse of discretion).

**DISCUSSION**

Plaintiff asks the Court to transfer this action to the District of Columbia where she has three other actions pending because those cases "involve[] the same or substantially similar allegations" as those in this case. Dkt. No. 39 at 6; see also Redding v. Ahuja, No. 1:21-cv-02449 (D.D.C.); Redding v. Mayorkas, No. 1:22-cv-02174 (D.D.C.); Redding v. Mayorkas, No. 1:22-cv-03264 (D.D.C.).

4

## I. The Law of the Case Doctrine Does Not Control

As a threshold matter, Defendant argues that the Northern District's prior transfer order controls as law of the case, meaning the Northern District's transfer to this Court is unassailable. Dkt. No. 41 at 1-3. However, Defendant conflates a motion to transfer to another court with a motion to "retransfer" back to the transferor-court.

Defendant correctly notes that the law of the case doctrine is routinely applied to venue determinations of transferor-courts. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). "Indeed, the Supreme Court has observed that 'the policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law,' because 'transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation.'" Gary Friedrich Enters., LLC v. Marvel Enters., Inc., No. 08CIV01533, 2008 WL 4129640, at *2 (S.D. N.Y. Sept. 4, 2008) (quoting Christianson, 486 U.S. at 816).

So, in cases where a party requests a "retransfer" back to the transferor-venue, law of the case generally controls. Cf. Christianson, 486 U.S. at 817 ("The law-of-the-case doctrine 'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.' . . . A court has the power to revisit prior decisions of its own or of a

5

coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.' But the law of the case doctrine *only applies to issues of law actually considered and decided*." (citations omitted) (emphasis added)); see also Arizona v. California, 460 U.S. 605, 618 (1983) ("As most commonly defined, the doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.").

But where, as here, a party requests a transfer to a new forum, that is, a forum other than the transferor-court, the law of the case doctrine is not binding. See Gary Friedrich Enters., LLC, 2008 WL 4129640, at *3 ("However, the typical standard for evaluating a re-transfer application does not necessarily apply where . . . the movant proposes transfer to a forum other than that from which the case was originally transferred."). Further, the doctrine certainly cannot bind a court where, as here, the issues the transferor-court "actually considered and decided" are not the same as those now present before the Court. Arizona, 460 U.S. at 618; see also Jupiter Wreck v. Unidentified Wrecked & Abandoned Sailing Vessel, 762 F. App'x 852, 858 (11th Cir. 2019) ("[C]ourts may alter prior holdings based on 'a change in controlling authority, new evidence or the need to avoid manifest

6

injustice.'" (quoting DeLong Equip. Co. v. Wash. Mills Electro Mins. Corp., 990 F.2d 1186, 1196 (11th Cir. 1993))).

In the Northern District's Order sua sponte transferring this case here to the Southern District of Georgia, the court considered that Plaintiff's present challenge is based on "employment actions taken against her" at FLETC in Glynco, Georgia, where the relevant employment records and witnesses are located; that if Plaintiff still worked at FLETC she would be working "in southeastern Georgia"; and that Plaintiff currently lives in Maryland. Dkt. No 20 at 3-4. Notably, the basis for Plaintiff's current transfer request—the three arguably related cases pending in the requested forum—was not contemplated by the Northern District. So, because Plaintiff's current motion presents new issues, not issues "actually considered and decided" by the Northern District, the law of the case doctrine does not bind this Court's analysis. Arizona, 460 U.S. at 618.[4]

II.  **Plaintiff's Motion to Transfer**

   a. **Title VII's Venue Provision**

---

[4] In the initial transfer Order, the Northern District contemplated the venues of the District of Maryland, the Northern District of Georgia, and, at Defendant's request, the Southern District of Georgia. See generally Dkt. No. 20. It did not consider the District of Columbia. Id. This distinct analysis presents another reason why the law of the case doctrine is not binding as to Plaintiff's current motion to transfer.

7

First, the Court must determine whether this case could have been brought in the District of Columbia. Notably, the parties do not dispute that it could. Dkt. No. 39; Dkt. No. 41 (arguing only that the nine convenience factors do not warrant transfer in this case but not disputing the District of Columbia is also a proper venue). The Court agrees.

In this action, Plaintiff brings claims pursuant to, inter alia, the Rehabilitation Act of 1973, 29 U.S.C. § 794. Dkt. No. 35 at 6. Applicable to the Rehabilitation Act is the venue provision of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), et seq. ("Title VII"). See 29 U.S.C. § 794a(a)(1) (incorporating Title VII's venue provision). Under Title VII's venue provision, "such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the [defendant] is not found within any such district, such an action may be brought within the judicial district in which the [defendant] has his principal office." 42 U.S.C. § 2000(e)-5(f)(3).

The Court first considers where the alleged unlawful employment practice was committed. The crux of Plaintiff's

allegations is that FLETC's refusal to acknowledge OPM's disability retirement approval resulted in her unlawful termination. So, while Plaintiff was ultimately terminated from her position at FLETC, in the Southern District of Georgia, weaved within her allegations are actions taken by employees at FLETC, TSA, and OPM, in Georgia, Virginia, and the District of Columbia, respectively. Dkt. No. 35 ¶¶ 19-23. Thus, because the alleged unlawful employment practices occurred in both this District and the District of Columbia, both venues are proper.

With regard to Title VII's second venue consideration, neither Plaintiff nor Defendant have shown that the relevant employment records are "maintained and administered" in either the Southern District of Georgia or the District of Columbia. In fact, Plaintiff instead explains that because of her retirement, the relevant employment records are in St. Louis, Missouri at the National Personnel Records Center, National Archives and Records Administration. Dkt. No. 42 at 2-3. So, the location of employment records does not point to laying venue in either this District or the District of Columbia.

Title VII's third option for proper venue "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice," 42 U.S.C. § 2000e-5(f)(3), is inapplicable in this case because Plaintiff alleges that "but for" FLETC's alleged unlawful employment practice, she

9

would be retired. Dkt. No. 39 at 6; Dkt. No. 42 at 3. Thus, neither venue fits this consideration.

Finally, Defendant maintains his principal office at 2707 Martin Luther King, Jr. Ave., SW, Washington, D.C. 20528. Dkt. No. 39 at 3-4; Dkt. No. 42 at 6. Thus, even if the first three considerations fail to point to a clear venue, because the District of Columbia is the judicial district in which Defendant Mayorkas has his principal office, this case could have been brought there.

### b. 28 U.S.C. § 1404(a) Convenience Factors

After determining that the action could have been brought in the transferee forum, as is the case here, the Court considers the convenience factors of 28 U.S.C. § 1404(a). That statute provides that the Court may transfer a civil action to another district where it could have been brought "for the convenience of parties and witnesses and in the interests of justice." The factors the Court must consider are:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9)

10

trial efficiency and the interests of justice, based on the totality of the circumstances. Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Moreover, courts also consider whether a related action is pending in the proposed transferee district court. See Am. Spirit & Cheer Essentials, Inc. v. Varsity Brands LLC, No. 1:20-cv-03088, 2020 WL 8115878, at *8 (N.D. Ga. Oct. 27, 2020) ("Whether the proposed transferee court is presiding over related proceedings is another, possibly decisive, factor to be considered." (citing Hoffman v. Medquist, Inc., No. 1:04-cv-3452, 2005 WL 3095713, at *5 (N.D. Ga. Nov. 16, 2005))); see also Martin v. S.C. Bank, 811 F. Supp. 679, 685 (M.D. Ga. Dec. 3, 1992) ("Undoubtedly, the most compelling reason for transfer is that there are related proceedings pending in the [transferee forum].").

At issue, then, is whether the nine convenience factors justify transferring this case to the District of Columbia. Plaintiff, as the movant, bears the burden of establishing that these factors weigh in her favor. In re Ricoh Corp., 870 F.2d at 573. Plaintiff concedes that "factors one through eight are of little value to [her] argument." Dkt. No. 39 at 4. Consequently, the parties have disputed only the weight of one factor—trial efficiency and the interests of justice, based on the totality of the circumstances. Dkt. No. 39 at 4; Dkt. No. 41 at 3-4.

11

The pendency of three related cases in the District of Columbia heavily weighs in favor of transferring this case. The Supreme Court has held that the purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quotations omitted). Indeed, the presence of related proceedings "may be more important than the [other factors] set out in Section 1404(a)." Hoffman, 2005 WL 3095713, at *2; see also Mirasco v. Am. Nat'l Fire Ins., Co., No. 1:00-cv-947ODE, 2000 WL 34440850, at *5 (N.D. Ga. July 5, 2000) ("The most persuasive reason for transferring this action is that a related action involving the same issues is pending in the [transferee court]."); Weber v. Basic Comfort Inc., 155 F. Supp. 2d 283, 286 (E.D. Pa. 2001) ("[T]he presence of related cases in the transferee forum . . . is powerful enough to tilt the balance in favor of transfer even when the convenience of parties and witnesses would suggest the opposite."); Simmens v. Coca Cola Co., No. 07-668, 2007 WL 2007977, at *3 (E.D. Pa. July 5, 2007) ("Even though the claims of the two cases here are not exactly the same, they arise from the same set of facts and occurrences. If these actions were filed in the same district, consolidation would certainly be appropriate." (quoting Schiller-Pfeiffer, Inc. v. Country Home Prods., Inc., No. CIV.A. 04-CV-1444, 2004 WL 2755585, at *9 (E.D. Pa. Dec. 1, 2004))).

Defendant concedes that the three other pending cases "share some overlapping facts with this one," including that one case "is in some way duplicative of the instant suit." Dkt. No. 41 at 4. Indeed, the three pending cases, Redding v. Ahuja, 1:21-cv-02449 (D.D.C.), Redding v. Mayorkas, 1:22-cv-02174 (D.D.C.), and Redding v. Mayorkas, 1:22-cv-03264 (D.D.C.), along with the present case, challenge actions taken by various employees at OPM and DHS, which arise from the same set of facts and occurrences that, put together, complete Plaintiff's puzzle of unlawful employment allegations.

In Redding v. Ahuja, 1:21-cv-02449 (D.D.C), Plaintiff challenges OPM's actions regarding her two disability retirement approvals, both in "failing to provide both TSA and FLETC the appropriate procedures to process" her disability retirement and in revoking those approvals without a hearing. Dkt. No. 39 at 6. In Redding v. Mayorkas, 1:22-cv-02174 (D.D.C.), Plaintiff challenges her reassignment to FLETC by TSA. Id. at 6-7. And in Redding v. Mayorkas, 1:22-cv-03264 (D.D.C.), Plaintiff challenges FLETC's failure to process OPM's disability retirement approval, FLETC's failure to provide reasonable accommodations, and her ultimate termination. Id. at 7.

In her third amended complaint in which she sets forth claims against DHS, Plaintiff alleges unlawful employment actions by not only FLETC but also OPM and TSA. See generally Dkt. No. 35. For

13

example, Plaintiff alleges she would not have worked at FLETC but for TSA's reassignment and includes allegations in which TSA and FLETC employees discussed OPM's approval of Plaintiff's disability retirement application. Dkt. No. 35 ¶¶ 19-23.

Undoubtedly, all these cases involve factual and legal issues which substantially overlap such that "the discovery processing and eventual adjudication of these cases in the same district will promote efficiency and mitigate against the risk of inconsistent or contradictory rulings with respect to discovery and other substantive matters." Hoffman, 2005 WL 3095712, at *3 (finding three cases were related and transfer was warranted even where the plaintiffs, and accordingly the basis of their claims, were different, but the various claims generally challenged defendant's financial scheme). Defendant's insistence that this Court should deny Plaintiff's motion because of pending motions to transfer two of the related cases to two different venues is misplaced. Dkt. No. 41 at 4-7. While motions to transfer are pending in those cases, the District of Columbia has yet to rule on the motions. So, based on the record before the Court, the three related cases are currently pending in that District.

Thus, the Court concludes that the pendency of the three related cases in the District of Columbia "is powerful enough to tilt the balance in favor of transfer." Weber, 155 F. Supp. 2d at 286.

### III. Plaintiff Did Not Waive Venue Objections

Before the Court concludes transfer is appropriate, it must address Defendant's final argument—that Plaintiff waived any objections to venue by filing suit in a Georgia District Court and by conceding that venue is *proper* in a Georgia District Court. Dkt. No. 41 at 1-2. Defendant's arguments are misplaced.

While motions to transfer venue are more commonly filed by defendants, Plaintiffs are permitted to move to transfer venue "on convenience grounds." Rigby v. Flue-Cured Tobacco Coop. Stabilization Corp., No. 7:05-CV-122, 2006 WL 1312412, at *6 (M.D. Ga. May 11, 2006) ("Although defendants are generally the party that moves for venue transfer, plaintiffs may also move to transfer the venue on convenience grounds."); see also I-T-E- Cir. Breaker Co. v. Regan, 348 F.2d 403 (8th Cir. 1965) (considering a plaintiff's motion to transfer); Am. Standard, Inc. v. Bendix Corp., 487 F. Supp. 254, 260 (W.D. Mo. 1980) (same). Importantly, according to the statute's clear text, motions pursuant to 28 U.S.C. § 1404(a) can be made, even where venue is proper, "for the convenience of the parties and witnesses, [and] in the interest of justice." But see 28 U.S.C. § 1406(a) (federal transfer for improper venue statute); Manley v. Engram, 755 F.2d 1463, 1467 (11th Cir. 1985) ("A transfer under § 1406(a) is based not on the inconvenience of the transferor forum but on the impropriety of

15

that forum." (quoting Ellis v. Great Sw. Corp., 646 F.2d 1099, 1109 (5th Cir. 1981))).

In insisting that Plaintiff waived objections to venue by filing suit in a Georgia District Court, Defendant conflates a motion under § 1404(a) with one under § 1406(a). Compare Olberding v. Ill. Cent. R. Co., 346 U.S. 338, 340 (1953) ("The plaintiff, by bringing the suit in a district *other than that authorized by the statute*, relinquished his right to object to the venue." (emphasis added)) with Philip Carey Mfg. Co. v. Taylor, 286 F.2d 782, 784 (6th Cir. 1961) ("The right to a transfer under the statute is available to a plaintiff as well as a defendant. A plaintiff is not bound by his choice of forums, if he later discovers that there are good reasons for transfer. A judge in his discretion may take this into consideration in determining if a transfer should be granted." (citing Foster-Milburn Co. v. Knight, 181 F.2d 949, 952-53 (2d Cir. 1950); Shapiro v. Bonanza Hotel Co., 185 F.2d 777, 778 (9th Cir. 1950))); see also Istre v. Key Energy Servs., No. 3:08CV421, 2009 WL 10676274, at *1 (N.D. Fla. Sept. 14, 2009) ("It is unusual that the Plaintiff, who selected the forum, is now requesting a transfer of venue, but most courts recognize a plaintiff's right to request a transfer under 28 U.S.C. § 1404.").

Additionally, despite Defendant's characterization otherwise, Plaintiff did not argue that this case "should" be heard in the State of Georgia, dkt. no. 41 at 2, she merely conceded

16

that venue was "appropriate" in the Northern District of Georgia. Dkt. No. 16 at 3. In her response to the Northern District's Order to Show Cause, dkt. no. 15, Plaintiff argued only that this case should not be transferred to the District of Maryland from the Northern District of Georgia, and, instead, that the current venue was "appropriate." Dkt. No. 16 at 3. Plaintiff's acknowledgement that venue was "appropriate" in the Northern District of Georgia similarly does not amount to a waiver of her ability to move to transfer this case "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); Olberding, 346 U.S. at 340; Philip Carey Mfg. Co., 286 F.2d at 784. Plaintiff having not waived her ability to object to venue, the Court finds Plaintiff has met her burden under § 1404(a), and her motion to transfer is **GRANTED.**

### IV.  Plaintiff's Motion to Consolidate

Finally, Plaintiff argues not only that this case should be transferred to the District of Columbia but also that this case should be consolidated with the related cases. Dkt. No. 39 at 4-8. However, the District of Columbia, not this Court, has discretion to consider whether to consolidate. Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions"); see also Kenny v. Deutsche Bank Nat'l Trust Co., No. 2:21-cv-9-SPC-NPM, 2021 WL 1238402, at *1 (M.D. Fla. Apr. 3, 2021) (noting where

17

plaintiff sought to have case consolidated with cases assigned to other judges and districts that "the [c]ourt does not have the power to simply pluck cases away from other federal judges"). Accordingly, Plaintiff's motion to consolidate is **DENIED**.

**CONCLUSION**

For these reasons, Plaintiff's motion to transfer venue, dkt. nos. 31, 39, is **GRANTED**. Plaintiff's motion to consolidate, dkt. no. 39, is **DENIED**. This matter is hereby **TRANSFERRED** to the United States District Court for the District of Columbia.

**SO ORDERED** this 5th day of January, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA